UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | | |
|---|---|---|
| MELISSA ANN SIMS, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 6:18-cv-01967-LSC |
| | ) | |
| MARION COUNTY, ALABAMA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF OPINION**

Before the Court is Defendants' First Motion to Dismiss First Amended Complaint in part. (Doc. 27.) Plaintiffs have filed a timely response. (Doc. 30.) After the parties had fully briefed the motion, the Court held oral argument on Defendants' Motion. The motion is now ripe for review. For the reasons stated below, Defendants' Motion (doc. 27) is due to be granted in part and denied in part.

**I.    BACKGROUND[1]**

---

[1] In evaluating a motion to dismiss, the Court "accept[s] the allegations in the complaint as true and constru[es] them in the light most favorable to the plaintiff." *Lanfear v. Home Depot, Inc.*, 679 F.3d 1267, 1275 (11th Cir. 2012). The following facts are, therefore, taken from Plaintiffs' allegations contained in the amended complaint, and the Court makes no ruling on their veracity.

On December 13, 2017, Sheriff's Deputies Jared Tidwell and Terry Rich as well as City of Hamilton Police Officers Jorden Carter and Trey Webb (collectively "Defendants") were mistakenly sent to the home of Billy Ray Sims ("Sims") in the early hours of the morning. When Defendants arrived at Sims's home, they did not identify themselves to Sims. Instead, Defendants walked onto Sims's property and shined their flashlights into his home. Sims, believing the Defendants were intruders, grabbed his firearm and held it in his hand. Sims confronted the Defendants, but did not raise his weapon. Trey Webb fired his service weapon at Sims. The other Defendants then fired at Sims. Sims was shot several times. Sims died while awaiting medical care.

## II. STANDARD

In general, a pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). However, in order to withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint "must plead enough facts to state a claim to relief that is plausible on its face." *Ray v. Spirit Airlines, Inc.*, 836 F.3d 1340, 1347–48 (11th Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Stated another way, the factual allegations in the complaint must be sufficient to "raise a right to relief above the speculative level." *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010). A complaint that "succeeds in identifying facts that are suggestive enough to render [the necessary elements of a claim] plausible" will survive a motion to dismiss. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1296 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 556) (internal quotation marks omitted).

In evaluating the sufficiency of a complaint, this Court first "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. This Court then "assume[s] the[] veracity" of the complaint's "well-pleaded factual allegations" and "determine[s] whether they plausibly give rise to an entitlement to relief." *Id.* Review of the complaint is "a context-specific task that requires [this Court] to draw on its judicial experience and common sense." *Id.* If the pleading "contain[s] enough information regarding the material elements of a cause of action to support recovery under some 'viable legal theory,'" it satisfies the notice pleading standard. *Am. Fed'n of Labor & Cong. of Indus. Orgs. v. City of Miami*, 637 F.3d 1178, 1186 (11th Cir. 2011) (quoting *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683–84 (11th Cir. 2001)).

### III. DISCUSSION

#### a. SECTION 1983 CLAIMS

Section 1983 provides a remedy for violations of protected constitutional rights. *Rushing v. Parker*, 599 F.3d 1263, 1265 (11th Cir. 2010). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Defendants argue that Counts I-IV of Sims's amended complaint, i.e. his § 1983 claims, are due to be dismissed because they do not indicate what federal or constitutional right was alleged to be violated by Defendants' actions. Plaintiffs in response assert that they have provided Defendants with sufficient notice of the underlying constitutional rights alleged to be violated in each Count, but request leave to amend their amended complaint if the Court finds that Defendants do not have sufficient notice as to the Constitutional basis for their claims. While the Court agrees with Plaintiffs' general proposition that they need not plead their exact legal theories to survive a motion to dismiss, the Court does note that Plaintiffs are required to provide some notice to Defendants as to the Constitutional or Federal statutory rights alleged to be violated to support a § 1983

claim. *See Graham v. Connor*, 490 U.S. 386, 393–94 (1989) ("As we have said many times, § 1983 is not itself a source of substantive rights. . . ."). Defendants, and this Court for that matter, should not have to hypothesize as to the Constitutional basis for Plaintiffs' claims. Accordingly, Plaintiffs are granted leave to amend their amended complaint to state the underlying constitutional basis for their § 1983 claims. Plaintiffs will have ten (10) days from the date of this order to amend their amended complaint.

### b. UNLAWFUL SEARCH AND SEIZURE

Defendants assert that Plaintiffs have not plead a plausible claim for unlawful search and seizure, presuming such a claim is brought under the Fourth Amendment, because the actions alleged do not plausibly constitute a search and seizure. Defendants then argue that even if Plaintiffs stated a claim for unlawful search and seizure Sims's death abated the claim.

#### 1. SUFFICIENCY

The Fourth Amendment guarantees the right for people "to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures." U.S. CONST. AMEND. IV. Searches of homes made without a warrant are *per se* unreasonable. *See Payton v. New York*, 445 U.S. 573, 586 (1980) (stating that it is a "basic principle of Fourth Amendment law that searches and seizures inside a

home without a warrant are presumptively unreasonable." (internal quotations omitted)). Defendants' argue that the facts alleged do not give rise to a plausible claim. However, Defendants' arguments are more appropriately addressed at the summary judgment stage as they depend on the factual circumstances surrounding the search and Defendants presence on Sims's property. Accordingly, Defendants' motion is denied on this ground.

## 2. ABATEMENT

"No language in 42 U.S.C. § 1983 provides for the survival of a civil rights action in favor of another upon the death of the injured party. Because the statute is silent or 'deficient' in this respect, 42 U.S.C. § 1988(a) requires application of state survivorship law, provided that law is 'not inconsistent with the Constitution and laws of the United States.'" *Estate of Gilliam ex rel. Waldroup v. City of Prattville*, 639 F.3d 1041, 1043 (11th Cir. 2011) (quoting 42 U.S.C. § 1988(a)). Under Alabama's survivorship law, any action for personal injury that has not been filed before the injured party dies does not survive in favor of the personal representative. Ala. Code § 6-5-462. *See Bates v. L & N Emp. Credit Union*, 374 So.2d 323, 324 (Ala. 1979). Alabama's survivorship law is not inconsistent with the Constitution and laws of the United States, even when the decedent would not otherwise have had sufficient time to file such a claim before her death. *Estate of*

*Gilliam*, 639 F.3d at 1047. However, "when a constitutional violation actually causes the injured party's death, a § 1983 claim can be asserted through the Alabama wrongful death statute." *Id. See also City of Tarrant, Ala. v. Jefferson*, 682 So.2d 29, 29–31 (Ala. 1996); *Brown v. Morgan County, Ala.*, 518 F.Supp. 661, 665 (N.D. Ala. 1981). Defendants assert that Sims's unlawful search and seizure claim under § 1983 abated at the time of Sims's death because the claim is essentially an unfiled tort claim for personal injury. Plaintiffs in response assert that this § 1983 claim may be maintained because the constitutional violation is alleged to have caused the Sims's death. Because, at this stage, Plaintiffs have alleged sufficient facts to plausibly indicate that the constitutional violation caused Sims's death, a determination of whether the claim abated is not appropriate at this time. Accordingly, Defendants' motion to dismiss is denied in this regard.

### c. STANDING

Under Alabama's Wrongful Death statue only the personal representative of one's estate has standing to bring suit. *Tucker v. Molden,* 761 So.2d 996, 998 (Ala. 2000); Ala Code § 6-5-410.[2] Accordingly, under Alabama law only the personal

---

[2] Ala Code 6-5-410 provides:

(a) A personal representative may commence an action and recover such damages as the jury may assess in a court of competent jurisdiction within the State of

representative of Sims's estate would have standing to bring § 1983 claims alleging wrongful death.

Plaintiffs Melissa Ann Sims, Donna Gale Hames, Tammy Renee Robinson, Michelle Lynn Sims, and Matthew Ray Hampton (collectively the "individual Plaintiffs") sue as individuals and assert that they are entitled to individual compensatory damages under § 1983 for the alleged unconstitutional treatment of Sims, who is their father. However, only Melissa Ann Sims is administratix of Sims's estate. Consequently, Melissa Ann Sims, in her capacity as administratrix of Sims's estate, is the only Plaintiff that has standing to pursue wrongful death claims under § 1983 in accordance with Alabama's Wrongful Death Statute.

Plaintiffs, however, argue that Alabama's Wrongful Death statute is inconsistent with the Constitution and the purposes of § 1983 because it does not allow the individual Plaintiffs to maintain their own claims for individual compensatory damages that arose from the constitutional violations *they suffered* as a result of Defendants' alleged deprivation of the decedent's constitutional rights. (See Doc. 30 at 14–17.) Therefore, the individual Plaintiffs argue that they should

---

Alabama where provided for in subsection (e), and not elsewhere, for the wrongful act, omission, or negligence of any person, persons, or corporation, his or her or their servants or agents, whereby the death of the testator or intestate was caused, provided the testator or intestate could have commenced an action for the wrongful act, omission, or negligence if it had not caused death

not be dismissed because this failure to provide them with compensatory damages conflicts with the underlying purpose of § 1983, which is "compensation of persons injured by deprivation of their federal rights." *Robertson v. Wegmann*, 436 U.S. 584, 591 (1978).

Plaintiffs' argument attempts to combine two distinct issues into a single issue. The first, and most important issue at present, is whether the individual Plaintiffs actually state a cause of action. The second issue, which Plaintiffs seek for this Court to skip ahead to and address, is whether the remedies available under Alabama's Wrongful Death statute are inconsistent with § 1983. Plaintiffs' argument skips an important step because "regardless of whose rights are being asserted, before § 1983 and § 1988 can come into play, the plaintiff must establish the existence of a federal right." *Robertson v. Hecksel*, 420 F.3d 1254, 1261 (11th Cir. 2005).

It is clear that Melissa Anne Sims, as administratrix of Sims's estate, may pursue § 1983 claims through Alabama's Wrongful Death statute. However, the individual Plaintiffs have failed to allege facts indicating that as a result of Defendants' actions they suffered a cognizable constitutional injury, a necessary

element of a § 1983 claim.[3] *See Hecksel*, 420 F.3d at 1261[4] (finding that a mother did not have a cognizable constitutional injury as a result of the allegedly unconstitutional death of her adult son); *see also Gunn v. City of Montgomery,* No. 2:16-cv-557-WKW, 2018 WL 1740933, at * 9 (M.D. Ala. Apr. 11, 2018) ("Plaintiff cannot recover in her individual capacity for injuries she personally incurred as a result of the death of her adult child."). Accordingly, all the individual Plaintiffs except for Melissa Ann Sims, in her capacity as administratrix of Sims's estate, are due to be dismissed.

The question Plaintiffs seek to have answered, what damages can be recovered under Alabama's Wrongful Death statute, presupposes that the individual Plaintiffs — i.e. Sims's heirs — in fact have standing to bring such claims. As such, the question of the damages available is not before the Court at this stage.

---

[3] The Court has been unable to find and Plaintiffs' counsel was unable to point this Court to, in briefing or at oral argument, any binding precedent to the contrary.

[4] Plaintiffs argue that *Hecksel* should be distinguished because it is inconsistent with *Carlson v. Green*, 446 U.S. 14, 23 (1980). However, *Carlson* addressed the question of survivorship of a *Bivens* action in relation to vindicating the decedent's rights. *Hecksel* did not address that question. *Hecksel*'s holding is directed at whether or not an individual plaintiff can bring a § 1983 suit for a personal constitutional injury that resulted from a defendant's alleged violation of a decedent's rights, i.e. whether the defendant's actions towards the decedent amounted to a constitutional violation of the plaintiff's own rights.

Plaintiffs urge this Court to nevertheless find an implied right under § 1983 to bring such claims. The Court cannot create a right that the Constitution and § 1983, by extension, does not provide. The individual Plaintiffs certainly suffered mental anxiety, shock, and loss of companionship as a result of Sims's death, but they have not alleged a legal basis for them to bring suit individually.

Plaintiffs urge this Court to look to *Weeks v. Benton*, 649 F. Supp. 1297 (S.D. Ala. 1986), for instruction. *Weeks* is both non-binding and distinguishable. In *Weeks*, the plaintiff, as personal representative, had standing to bring and maintain a § 1983 action through Alabama's Wrongful Death statute. *Id.* at 1306. Accordingly, the question before the Southern District of Alabama in *Weeks* was the damages available for the personal representative to pursue because Alabama's Wrongful Death statute allowed only punitive damages. The plaintiff in *Weeks* arguably could not recover punitive damages against the defendant, a municipality. *Id.* In discussing the remedies available, the Southern District of Alabama suggested that Alabama's Wrongful Death statute may be inconsistent to the extent it only allows recovery for punitive damages. *Id.* at 1309. The Southern District of Alabama reasoned that the personal representative in light of the purposes of § 1983 should be allowed to pursue compensatory damages that included the losses incurred by the decedent's survivors. *Id.*

At oral argument, Plaintiffs' Counsel insisted that the language in *Weeks* indicated that Sims's heirs are the real parties in interest under Alabama's Wrongful Death statute and accordingly could not be dismissed. *See Id.* at 1306 ("His survivors are entitled to seek recovery for their losses as a result of his death."), 1306 n.9. ("Thus, the present action by [plaintiff], as administratrix of the decedent's estate, is really brought on behalf of the decedent's survivors, and is not merely a suit by 'an executor of the deceased's estate' on behalf of the estate.")

Federal Rule of Civil Procedure 17 explicitly recognizes that an executor, administrator, or individual authorized by statute may— although serving in a representative capacity— bring an action in "their own name without joining the person for whose benefit the action is sought." FED. R. CIV. P. 17. Accordingly, Rule 17 does not mandate that the individual Plaintiffs be allowed to proceed merely because they may benefit from the personal representative's suit. *Bush v. Carpenter Bros., Inc.,* 447 F.2d 707, 710–11 (5th Cir. 1971)[5] ("It is well established that where the personal representative of the decedent is authorized by statute to bring suit to recover for the death of his decedent, he is the real party in interest,

---

[5] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleven Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

within the meaning of that term as used in Rule 17(a), Federal Rules of Civil Procedure. . . .").

Despite Plaintiffs' contention otherwise, Alabama law does not grant the decedent's heirs standing to bring suit. *See Waters v. Hipp,* 600 So.2d 981, 982 (Ala. 1992) ("One who sues under this section without having been appointed executor or administrator does not qualify under [Alabama's Wrongful Death statute] as a personal representative, and the suit is a nullity.") In creating the right to recovery under Alabama's Wrongful Death statute, the Alabama legislature granted only the personal representative the legal capacity to sue. Therefore, although the individual Plaintiffs may stand to benefit from the suit, they have not been granted standing to bring individual suits through Alabama's Wrongful Death statute.

Plaintiffs' pleading and argument, although artful, has failed to identify a plausible cause of action under which the individual Plaintiffs may proceed. Therefore, the individual Plaintiffs are due to be dismissed. The Court notes that in dismissing these individual Plaintiffs, it is not ruling on or making any decisions as to the damages that Melissa Ann Sims, as administratrix of Sims's estate, may seek to recover under § 1983.

## IV. CONCLUSION

For the reasons stated above, Defendants' Motion (doc. 27) is due to be

granted in part and denied in part. Melissa Ann Sims, Donna Gale Hames, Tammy Renee Robinson, Michelle Lynn Sims, and Matthew Ray Hampton are due to be dismissed from this suit for a lack of standing and failure to state a claim. Melissa Ann Sims, as administratix of Sims's estate, may continue this action. Plaintiffs have ten (10) days from the date of this Order to amend the amended complaint and specify the Constitutional basis for Sims's § 1983 claims. An Order consistent with this Opinion will be entered contemporaneously herewith.

      **DONE** and **ORDERED** on April 30, 2019.

_____
L. Scott Coogler
United States District Judge

195126